UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

        Plaintiff,

v.

STEPHEN SINCLAIR,

        Defendants.

Case No. C19-5183 RJB-TLF

ORDER GRANTING EXTENSION OF TIME AND DENYING MOTION TO APPOINT COUNSEL

This matter comes before the court on plaintiff's motion for extension of time and appointment of counsel. Dkt. 15. The court has carefully considered the arguments presented by the parties and will GRANT plaintiff's unopposed motion for extension of time and DENY plaintiff's motion for appointment of counsel without prejudice.

DISCUSSION

I. *Extension of Time*

Plaintiff has argued for a 60-day extension of time to respond to the court's latest order (Dkt. 14), in which this court directed defendants to either waive personal service or show cause as to why personal service should not be ordered and defendants directed to pay the costs of service. Plaintiff was not expected to respond to this order. Construing plaintiff's meaning liberally, however, the court finds that plaintiff intended to request an extension on the time allotted for him to respond to defendants' pending motion to dismiss (Dkt. 10).

ORDER GRANTING EXTENSION OF TIME AND
DENYING MOTION TO APPOINT COUNSEL - 1

Defendants have construed plaintiff's motion in the same way, and their response to plaintiff's motion (Dkt. 18) indicates that defendants do not oppose plaintiff's request.

Plaintiff claims that he has faced the same difficulty complained-of previously, regarding his inability to locate and receive legal documents that were removed from his possession during transfer between prison facilities. Plaintiff claims defendant Sinclair, defendant of the Department of Corrections, has sequestered plaintiff's legal documents away for the purpose of interfering with plaintiff's ability to bring his claims to court. Without making any finding on the conduct of the parties, and in light of defendants' lack of opposition, the court finds that an extension is appropriate to allow plaintiff sufficient time to contact the third-parties (e.g., Disability Rights Washington) he has engaged to assist him in his case and to form his complete response to defendant's motion to dismiss.

II. Appointment of Counsel

The court declines to appoint counsel for plaintiff. Plaintiff may renew this motion if, later in the proceedings, exceptional circumstances would require appointment of counsel.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro*

*se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff has pursued his claims in all the proceedings prior to this motion *pro se* and has demonstrated an ability to articulate himself in a clear fashion understandable to this Court.

Plaintiff presents no evidence to show whether he is likely to succeed on the merits of his case. While plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Although plaintiff contends that defendants would return his legal documents if he were appointed counsel, this is a speculative argument, and plaintiff's lack of access to older court documents is not sufficient to require appointment of counsel. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (noting that contended exceptional factors were "difficulties which any litigant would have in proceeding pro se"). Plaintiff has not met his burden to demonstrate an inability to present his claims to this Court without counsel or to show that exceptional circumstances require the Court to appoint counsel at this stage.

CONCLUSION

As plaintiff has not shown appointment of counsel is appropriate at this time, the motion for the appointment of counsel (Dkt. 15) is DENIED without prejudice. His motion for extension of time is GRANTED. Plaintiff shall have until October 11th, 2019, to respond to the motion to

dismiss. Defendant shall have until October 18th, 2019, to reply. The Clerk of Court is directed to re-note the motion to dismiss to October 18th, 2019.

Dated this 12th day of August, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING EXTENSION OF TIME AND
DENYING MOTION TO APPOINT COUNSEL - 4