`UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ANTHONY WILLIAMS<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>STEPHEN SINCLAIR<br><br>　　　　　　　　　Defendant. | Case No. C19-5183 RJB-TLF<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE |

In this 42 U.S.C. § 1983 prisoner civil rights action, plaintiff has filed two motions for various forms of relief, including an extension of time to respond to the defendants' Motion to Dismiss (Dkt. 10), leave to amend his complaint, and injunctive relief to assist plaintiff in prosecuting this suit, e.g. directing defendants to return his legal documents. Dkt. 20; Dkt. 21. In his motions, plaintiff has incorporated motions previously filed in another current case. Dkt. 21, at 66-128. Defendants have filed a response (Dkt. 22). Having considered the record before it, the Court finds and ORDERS as follows:

(1)　　Plaintiff asks for a 60-day extension of his deadline to file a response to the defendants' Motion to Dismiss. Defendants do not object to a third extension of plaintiff's deadline. Plaintiff's motion is **granted**, and plaintiff shall have until January 20, 2019 to file his response. This is plaintiff's final extension from the Court. The clerk is directed to re-note the Motion to Dismiss to January 24, 2020.

ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF
FROM DEADLINE - 1

(2) Of the forms of injunctive relief plaintiff requests, his primary concern is the return of his own, previously-printed legal documents to his possession, and he requests this Court to order defendants to find and return all the specific documents, 14 boxes in quantity, that have been removed from him over the course of this litigation and plaintiff's transfers between various correctional facilities.

To qualify for a preliminary injunction, plaintiff must show that (1) he is likely to succeed on the merits; (2) he will likely suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff has not yet responded to the defendants' motion to dismiss, and the court is not able to determine at this stage how likely it is that plaintiff's claims will succeed on the merits. Although the Court recognizes that the plaintiff's motion purports to resolve his delay in responding, the Court does not find that plaintiff's request is clearly and plainly meritorious enough to obtain the extraordinary remedy of injunctive relief. *See id.*, at 24; *see also Rizzo v. Goode*, 423 U.S. 362, 378 (1976). The Court **denies** without prejudice plaintiff's motion for injunctive relief as to directing defendants to search for, collect and return plaintiff's legal documents to him.

(3) Likewise, plaintiff has also moved for injunctive relief requesting the court to order (1) that Mr. Ahmad, a defendant in another of plaintiff's suits, submit weekly declarations as to the whereabouts of plaintiff's legal documents, (2) that once returned, all plaintiff's legal documents must be transported simultaneously with plaintiff during transfers between facilities, (3) that plaintiff be examined by a state psychiatric physician for effects of long-term solitary confinement, (4) that defendants lift plaintiff's phone restrictions and permit him to phone a legal aid organization five times a week, and (5) that plaintiff be escorted to the prison law library

ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE - 2

once per week for the purpose of filing and receiving documents related to this litigation. The Court finds that plaintiff has not met the standard for a preliminary injunction and **denies** these portions of plaintiff's motion.

(4) Plaintiff requests that the Court provide him a list of the names and case numbers of all lawsuits he has filed since June 2009, along with copies of the complaints and evidence he submitted in these cases. The Court **grants** his request for one courtesy copy of a list of plaintiff's lawsuits. However, if the Clerk's Office has already provided such a list to plaintiff in response to his motion in Williams v. Gage et. al., Case No. 2:18-00218-JCC-MAT, there is no need to provide a separate copy for this case. Any additional court records must be requested from the Clerk's Office and purchased at a rate of $0.50 per page. On request for specific documents, the Clerk's office will inform plaintiff of the total charge for the pages and mail the requested documents after plaintiff submits payment.[1]

---

[1] The Courts notes that this motion is among plaintiff's duplicated motions also filed in other litigation. Plaintiff's exhibits indicate that he has already received an order from the Court in Williams v. Gage et. al., Case No. 2:18-00218-JCC-MAT, addressing precisely the same request for a list of case names, numbers, and documents. The Court directs plaintiff to avoid filing duplicative motions for which any remedy must be the same.

ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF
FROM DEADLINE - 3

(5) Finally, Plaintiff moves for leave to amend his complaint, but plaintiff has not submitted a proposed amended complaint. Plaintiff must submit a proposed amended complaint with his motion for leave to amend. Therefore, the Court **denies** this motion without prejudice.

Dated this 18th day of November, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE - 4