UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ANTHONY WILLIAMS,<br><br>                    Plaintiff,<br>    v.<br><br>STEPHEN SINCLAIR, et al.,<br><br>                    Defendants. | No. 3:19-cv-05183-RJB-TLF<br><br>**REPORT AND RECOMMENDATION**<br><br>**Noted For: February 14, 2020** |

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff now moves to voluntarily dismiss his case without prejudice. Dkt. 26. The defendants do not oppose plaintiff's motion. Dkt. 27.

Plaintiff's motion appears to be based in part on his belief that his complaint failed to request damages and that his claims for injunctive relief will be rendered moot by his recent transfer to a different Department of Corrections facility. Dkt. 26. The Court notes that plaintiff in fact requested injunctive relief and damages in his complaint. Dkt. 5, at 4‑23. Plaintiff's motion also indicates that instead of pursuing this action he intends to file four different actions in state court based on the same allegations raised in the instant complaint. *Id.* Prior to the plaintiff's motion for voluntary dismissal, the defendants moved to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P. 12(b)(6)"). Dkt. 10. Plaintiff has not submitted opposition to defendants' motion to dismiss.

REPORT AND RECOMMENDATION - 1

For the reasons described below, the Court should GRANT the plaintiff's motion to dismiss the action without prejudice (Dkt. 26) and STRIKE defendants' motion to dismiss (Dkt. 10) as moot. In the even the Court declines to dismiss the action, the undersigned recommends that plaintiff be required to file a response to defendants' motion to dismiss within ten (10) days of the Court's order ruling on this Report and Recommendation and that plaintiff be permitted no further extensions of time to file his response.

## BACKGROUND

Plaintiff filed his civil rights complaint on March 8, 2019. Dkt. 5. Plaintiff is a state prisoner who, at the time he filed his complaint, was housed at Washington State Penitentiary (WSP). His complaint alleges that he is suffering from "SHU Syndrome," a condition in which a person's preexisting mental illness, such as schizophrenia, is aggravated by the isolation and lack of stimulation while housed in solitary confinement. *See* Dkt. 5, pp. 21-65. He lists a number of mental illnesses and symptoms from those mental illnesses he is currently suffering from, *id.* at 61, and alleges the conditions of solitary confinement have caused him to harm himself, that he has been subjected to physical abuse by prison staff, and that his mental health symptoms—caused or exacerbated by the conditions of solitary confinement itself—do not allow him to complete the requirements to return to general population, forcing him to remain in isolation indefinitely, *id.* at 59. Plaintiff alleges that prison staff have interfered with his attempts to file and prosecute lawsuits, have attempted to coerce him not to do so, and have retaliated against him when he has succeeded. *See id.* at 18, 51, 77. And he

REPORT AND RECOMMENDATION - 2

alleges that he has been exposed to harmful chemicals that were used to clean his cell. *See id.* at 129-30.

Plaintiff alleges 13 "counts." He bases several of claims on three policies—the "Facility Plan," "Behavior Programming Plan," and "Intensive Management Status Policy"—that he alleges violate his rights under the First, Eighth, and Fourteenth Amendments. He alleges that several specific infractions he received were retaliatory and coercive. He also alleges medical negligence, medical malpractice, and assault. He names over 60 individual defendants. These appear to be corrections staff, administrators, and medical staff from Washington State Penitentiary, Monroe Correctional Complex, the Washington Department of Corrections (DOC) headquarters in Olympia, and possibly other facilities. *See generally* Dkt. 5, pp. 140-76.

On May 30, 2019, defendants filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 10. In that motion defendants seek dismissal of the complaint based on plaintiff's failure to allege the personal participation of numerous defendants, failure to provide any facts to state a claim for medical negligence, failure to provide any nexus to support a viable retaliation claim, and on the basis that all defendants are entitled to qualified immunity. *Id.* Plaintiff sought and was granted several extensions of time to respond to defendants' motion to dismiss. *See* Dkts. 13, 19, 23. The most recent extension of time allowed plaintiff until January 20, 2020, to file a response to defendants' motion. Dkt. 23. On December 13, 2019, plaintiff filed a motion to "Request Court to Order Defendants' Attorney to Give Plaintiff a Copy of Complaint and Exhibits." Dkt. 24. On December 20, 2020, defendants filed a response to the motion indicating that they had provided plaintiff with a copy of his

REPORT AND RECOMMENDATION - 3

complaint, including exhibits, totally 423 pages. Dkt. 25. The undersigned has directed, by separate order, that this motion be stricken as moot. Dkt. 28.

On January 23, 2020, plaintiff filed the instant motion to voluntarily dismiss his case without prejudice based, it appears, at least in part on his belief that his complaint did not ask for damages and that his requests for injunctive relief would be rendered moot in light of his recent transfer to a new facility. Dkt. 26. But the Court notes that the final page of plaintiff's complaint includes a request for injunctive relief and damages. Dkt. 5, at 423. Plaintiff's motion also indicates that instead of pursuing this action he intends to file four different actions in state court based on the same allegations raised in the instant complaint. Dkt. 26.

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(1) governs procedures for voluntary dismissal of an action and provides:

> (1) [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs. . . . Unless otherwise stated in the notice of dismissal . . ., the dismissal is without prejudice. . . .
> (2) …Except as provided in Rule 41(a)(1) [above], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

Here, defendants have moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) but have not filed an answer or a motion for summary judgment. "A motion to dismiss is 'neither an answer nor, unless accompanied by affidavits discussing matters outside the pleadings that are not excluded by the court, a motion for summary judgment,' and thus does not terminate the plaintiff's right of dismissal by notice."

REPORT AND RECOMMENDATION - 4

*Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) *citing* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure,* § 2363 (2d ed. 1995); *see also Miller v. Reddin*, 422 F.2d 1264 (9th Cir.1970) (holding plaintiffs to be entitled to Rule 41(a)(1) voluntary dismissal even after a hearing on defendants' motion to dismiss).

If plaintiff wishes to dismiss his case and attempt to pursue relief in a different forum he has the right to do so at this point. Plaintiff may voluntarily dismiss this action as a matter of right, without the permission of the Court or the defendants, at this stage. Accordingly, plaintiff's motion to dismiss (Dkt. 26) should be GRANTED and the complaint DISMISSED WITHOUT PREJUDICE. Defendants' motion to dismiss (Dkt. 10) should also be STRICKEN as moot. But, if plaintiff wishes proceed with this matter in light of the fact that his complaint includes a request for damages, he should indicate as such in objection to this Report and Recommendation. In the event the Court declines to dismiss the action, the undersigned recommends that plaintiff be required to file a response to defendants' motion to dismiss (Dkt. 10) within ten (10) days of the Court's order ruling on this Report and Recommendation and that plaintiff be permitted no further extensions of time to file his response.

## WRITTEN OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

REPORT AND RECOMMENDATION - 5

Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 14, 2020**, as noted in the caption.

**DATED** this 30th day of January, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6